UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIELLE RIDER,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,
UNIVERSITY OF DETROIT MERCY, and
MICHIGAN FIRST CREDIT UNION,

    Defendants.

Case No. 2:19-cv-13660
Honorable Laurie J. Michelson

## ORDER DIRECTING PLAINTIFF TO SUPPLEMENT HER COMPLAINT

Danielle Rider sued Michigan First Credit Union (and others) for violating the Fair Credit Reporting Act; Michigan First asks this Court to dismiss Rider's complaint. The Court starts with a brief summary of Rider's complaint.

In July 2018, Rider obtained a credit report from Equifax. (ECF No. 10, PageID.119.) She noticed a record of activity on the report, known as a "tradeline," indicating a monthly payment of $151 to Michigan First. (*Id.*) In Rider's view, this was wrong: she "no longer ha[d] an obligation to make monthly payments to" Michigan First. (*Id.*)

So the next month (August 2018), Rider sent a letter to Equifax. (ECF No. 10, PageID.119.) In her letter, she explained that the Michigan First account with a $151 monthly payment had been "paid and closed." (*Id.*) Rider asked Equifax to change the corresponding tradeline to show that her monthly payment to Michigan First was $0. (*Id.*) Equifax forwarded Rider's dispute to Michigan First. (*Id.*)

Over a month later, Rider had not heard what had become of her dispute. So, in late September 2018, she obtained a second credit report from Equifax. (ECF No. 10, PageID.119.) Contrary to Rider's request, the tradeline for the Michigan First account did not show a monthly payment of $0. (*Id.*) What, precisely, it did show, Rider does not say. (*See id.*)

Rider then filed this lawsuit against Michigan First (and other entities that are not now relevant) alleging violations of the Fair Credit Reporting Act. She claims that Michigan First's investigation into her account was negligent or, alternatively, that Michigan First willfully failed to review all relevant information. (ECF No. 10, PageID.121–123.)

With that summary of Rider's complaint, the Court turns to Michigan First's motion. The Court starts with a summary of four decisions from this District addressing similar motions.[1] In deciding two motions to dismiss filed by Michigan First, two judges in this District found the plaintiff's allegations about the non-zero tradeline made it plausible that the tradeline was

---

[1] It appears that there are at least *eight* cases in this District where the plaintiffs make the same claims against Michigan First. And in each case, the plaintiffs are represented by the same counsel. And in each case, Michigan First is represented by the same counsel. Here are the cases this Court has identified:
*Calvin v. Equifax Information Services, LLC et al.*, No. 19-11519 (E.D. Mich. removed on May 23, 2019) (Tarnow, J.) (motion for summary judgment pending);
*Rider v. Equifax Info. Servs., LLC*, No. 19-13660 (E.D. Mich. filed Dec. 12, 2019) (Michelson, J) (motion to dismiss pending);
*Tillman v. Equifax Info. Servs., LLC*, No. 19-12860, 2020 WL 249004 (E.D. Mich. Jan. 16, 2020) (Lawson, J.) (denying motion to dismiss);
*Taylor v. Equifax Info. Servs., LLC*, No. 20-10462 (removed on Feb. 24, 2020) (Steeh, J.) (motion for summary judgment pending production of credit report);
*Thompson v. Equifax Info. Servs., LLC*, No. 2:18-CV-12495, 2020 WL 806032 (E.D. Mich. Feb. 18, 2020) (Berg, J.) (granting motion for summary judgment);
*Euring v. Equifax Info. Servs., LLC*, No. 19-CV-11675, 2020 WL 1508344 (E.D. Mich. Mar. 30, 2020) (Friedman, J.) (granting motion for summary judgment);
*Walker v. Equifax Info. Servs.*, No. 2:19-cv-12257 (E.D. Mich. May 1, 2020) (Murphy, J.) (granting motion to dismiss);
*Lawson v. Mich. First Credit Union*, No. 20-CV-10460, 2020 WL 2131805 (E.D. Mich. May 5, 2020) (Borman, J.) (denying motion to dismiss).

"inaccurate or incomplete" under the FCRA. *See Lawson v. Mich. First Credit Union*, No. 20-CV-10460, 2020 WL 2131805, at *7 (E.D. Mich. May 5, 2020); *Tillman v. Equifax Info. Servs., LLC*, No. 19-12860, 2020 WL 249004, at *3 (E.D. Mich. Jan. 16, 2020). In deciding two motions for summary judgment filed by Michigan First, two judges in this District found that the plaintiff's evidence would not permit a reasonable jury to find the tradeline inaccurate or incomplete. *See Euring v. Equifax Info. Servs., LLC*, No. 19-CV-11675, 2020 WL 1508344, at *5 (E.D. Mich. Mar. 30, 2020); *Thompson v. Equifax Info. Servs., LLC*, No. 2:18-CV-12495-TGB, 2020 WL 806032, at *10 (E.D. Mich. Feb. 18, 2020). Although *Euring* and *Thompson* ended on a low note for the plaintiffs and *Lawson* and *Tillman* ended on a high note for the plaintiffs, all four decisions are in harmony. In *Euring* and *Thompson*, the tradelines indicating a non-zero monthly payment amount included clarifying information—a denotation of "historical" or "closed"—that made it unreasonable to find the non-zero amount inaccurate or incomplete, *see Euring*, 2020 WL 1508344, at *5; *Thompson*, 2020 WL 806032, at *10; but in *Tillman* and *Lawson*, the plaintiffs' complaints did not state whether the tradeline had additional clarifying information and so it was plausible that the non-zero amount was unadorned and thus was inaccurate or incomplete, *see Lawson*, 2020 WL 2131805, at *7; *Tillman*, 2020 WL 249004, at *3.

This case is like *Tillman* and *Lawson* in some key ways: Michigan First has filed a motion to dismiss, the company claims that it is implausible that the tradeline is inaccurate, and Rider's allegations simply state that her credit report still shows a non-zero monthly payment amount. Rider's allegations do not say whether the tradeline includes clarifying information such as "historical" or "closed." So this Court could follow the route paved by *Tillman* and *Lawson*.

But that road only leads to additional disputes to resolve. Michigan First not only claims that Rider has not adequately pled that the tradeline is inaccurate, it also argues that Rider has not

adequately pled that it conducted an inadequate investigation or that she was damaged. (ECF No. 6, PageID.32, 42–44.) In other words, Michigan First has three grounds for dismissal, and so a finding that Rider has adequately pled inaccuracy does not get her where she wants to go—she would have to clear two more hurdles in the road.

And even if Rider were to clear all three hurdles, the road might still dead-end for her. Suppose this Court finds that Rider's complaint survives Michigan First's motion to dismiss. The parties would then proceed to discovery, which would inevitably lead to Michigan First obtaining the credit reports. And suppose the reports have additional, clarifying information like the reports in *Euring* and *Thompson* (e.g., "historical" and "closed"). In all likelihood, then, Michigan First would file a motion for summary judgment (just like it did in those two cases). And Michigan First's argument would be, effectively, the same one it makes right now: the tradeline is not inaccurate or incomplete.

All routes considered, the most efficient path is for Rider to produce the two credit reports she obtained from Equifax in July 2018 and September 2018. If the reports show a non-zero monthly payment amount without clarifying information, it may well be plausible that the Michigan First tradeline is inaccurate or incomplete. But if the tradeline says "historical" and "closed," or like language that conveys the same meaning, it probably is not inaccurate or incomplete. The Court believes that it may consider the credit reports on a motion to dismiss as they are "referred to in the [c]omplaint and are central to the claims." *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). (Out of an abundance of caution, the Court will, in the alternative, decide the incomplete-or-inaccurate question under Rule 56 standards; the parties are hereby notified of that possibility. *See* Fed. R. Civ. P. 12(d).) The two credit reports are presumably easy for Rider to docket (she describes them in her complaint and so

must have them); and the two reports have the potential to resolve the parties' dispute at an early stage of the case. So this route is favored by the Federal Rules. *See* Fed. R. Civ. P. 1 (providing that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Indeed, District Judge George Caram Steeh has taken a similar path in the materially identical case before him. *See Taylor v. Equifax Info. Servs., LLC*, No. 20-cv-10462 (E.D. Mich. Apr. 27, 2020) (order directing Michigan First to docket credit report).

* * *

For the reasons stated, Rider is ordered to docket the July 2018 and September 2018 credit reports referenced in her complaint (*see* ECF No. 10, PageID.119) by May 29, 2020. Alternatively, Rider may dismiss her complaint by May 29, 2020.

SO ORDERED.

Dated: May 21, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE