UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIELLE RIDER,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,
UNIVERSITY OF DETROIT MERCY, and
MICHIGAN FIRST CREDIT UNION,

    Defendants.

Case No. 2:19-cv-13660
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [6]**

Danielle Rider sued Michigan First Credit Union for failing to adequately investigate and accurately report on the status of an account she had with Michigan First.

Here are the relevant details (as alleged by Rider). In July 2018, Rider obtained her credit report from Equifax and noticed a conspicuous tradeline. The tradeline indicated that she had a $151 monthly payment to Michigan First. But Rider was sure she had paid off that account. So she disputed the tradeline with Equifax and requested that, going forward, the tradeline show a $0 monthly payment. Equifax turned around and contacted Michigan First about Rider's dispute. But Rider was never informed of the results of Michigan First's investigation into her account status. So in September 2018, she obtained a second credit report. That report still did not show a monthly payment of $0 to Michigan First. So Rider inferred that Michigan First must not have adequately investigated her dispute or did not accurately report the results of the investigation (if it had, presumably it would have reported a $0 monthly payment). Rider thus sued Michigan First for violating its obligations under the Fair Credit Reporting Act.

Michigan First moved to dismiss. (ECF No. 6.)

The Court partly addressed that motion. *See generally Rider v. Equifax Info. Servs. LLC*, No. 2:19-CV-13660, 2020 WL 2572270 (E.D. Mich. May 21, 2020). In particular, having reviewed many of the virtually identical cases filed in this District, *see id.* at *1 n.1 (listing cases), this Court explained that in cases where summary judgment was granted in favor of Michigan First, the allegedly misleading tradeline included clarifying information indicating that the account had been "closed" or was "historical," *id.* at *1. And, this Court explained, while Rider had alleged that after her dispute, her credit report continued to show a monthly payment amount of $151, she had not alleged whether the tradeline included clarifying information like "closed" or "historical." *See id.* at *2. This Court explained, "If the [credit] reports show a non-zero monthly payment amount without clarifying information, it may well be plausible that the Michigan First tradeline is inaccurate or incomplete. But if the tradeline says 'historical' and 'closed,' or like language that conveys the same meaning, it probably is not inaccurate or incomplete." *Id.* at *2. As such, the Court directed Rider "to docket the July 2018 and September 2018 credit reports referenced in her complaint." *Id.*

Rider has done so. And they do not help her cause. Neither report is plausibly misleading or inaccurate. True, as Rider alleged in her complaint, the July 2018 report states "scheduled paym[e]nt amount" of "$151." (ECF No. 16, PageID.253.) And assuming Rider paid off the account, that is probably misleading. But that statement does not stand alone. On the very same tradeline the following appears: "Balance Amount $0," "Date Closed 06/2015," and "ADDITIONAL INFORMATION – Closed or Paid Account/Zero Balance." (ECF No. 16, PageID.253.) Taken all together, who would think Rider was still paying $151 a month to Michigan First?

The September 2018 credit report is a slightly closer call, but still not plausibly misleading or inaccurate. The September 2018 report says, "Monthly Payment $151" and "Payment Status Current." (ECF No. 16, PageID.255.) Unadorned, yes, it would be misleading. But it is not unadorned: "Account Status Closed," "Closed Date Jun 01, 2015," and "Balance $0" the report adds. (*Id.*) Even a hasty reviewer of the report would not be misled.

But assume for the sake of argument that the September 2018 report is misleading under the Fair Credit Reporting Act. Rider's claims against Michigan First are still not plausible. Michigan First is not the consumer reporting agency—it reports to the consumer reporting agency. So Michigan First does not control how the data it provides is presented. Probably for that reason, Rider's claims against Michigan First have to do with Michigan First's investigation and reporting to the agency. She says that Michigan First "negligently failed to conduct a proper investigation of [her] dispute as required by 15 USC 1681s-2(b)" and that Michigan First "willfully failed to conduct a proper reinvestigation of [her] dispute." (ECF No. 10, PageID.121–22.) She also says that Michigan First "failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount." (ECF No. 10, PageID.121–22.) Yet the basis for Rider's inference that Michigan First did a poor investigation and did not tell Equifax to report a $0 monthly payment is her September 2018 credit report. (*See* ECF No. 10, PageID.120.) But that very report says, "Account Status Closed," "Closed Date Jun 01, 2015," and "Balance $0." That information—all accurate—must have come from Michigan First. As such, it is not reasonable to infer that in response to Rider's dispute, Michigan First did an inadequate investigation or failed to accurately report the results of its investigation to the credit reporting agency. *See* 15 U.S.C. § 1681s-2(b).

Accordingly, both of Rider's claims against Michigan First are DISMISSED under Rule 12(b)(6).[1]

SO ORDERED.

Dated: June 5, 2020

                                      s/Laurie J. Michelson
                                      LAURIE J. MICHELSON
                                      UNITED STATES DISTRICT JUDGE

---

[1] The Court already gave Rider fair warning that it would, in the alternative, consider this issue under Rule 56. *See Rider*, 2020 WL 2572270, at *2. Thus, to the extent that this Court cannot consider the credit reports (that appear integral to the complaint) under Rule 12, the Court GRANTS Michigan First summary judgment on Rider's claims. *See Euring v. Equifax Info. Servs., LLC*, No. 19- 11675, 2020 WL 1508344, at *5 (E.D. Mich. Mar. 30, 2020) (granting Michigan First summary judgment on materially identical claim); *Thompson v. Equifax Info. Servs., LLC*, No. 18-12495, 2020 WL 806032, at *10 (E.D. Mich. Feb. 18, 2020) (same).